GALE MFG. CO. v. MAY et al.

(Circuit Court of Appeals, Fourth Circuit. November 15, 1915.)

No. 1377.

PATENTS ⬤⟳328—INVENTION—CULTIVATOR.

The Beall patent, No. 654,125, for a pivot axle cultivator, claims 12 and 13, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Alexandria; Edmund Waddill, Jr., Judge.

Suit in equity by the Gale Manufacturing Company against John W. May, trading as W. H. May & Son, and the Ohio Rake Company. Decree for defendants, and complainant appeals. Affirmed.

Geo. A. Prevost, of Washington, D. C. (L. P. Whitaker, of Washington, D. C., on the brief), for appellant.

Alfred M. Allen, of Cincinnati, Ohio, for appellees.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. The appellant was the plaintiff below; the appellees, the defendants. They will be so designated here.

On July 24, 1900, United States letters patent No. 654,125, for a pivot axle cultivator, were issued to the plaintiff as an assignee of one William L. Beall. The claims in suit are the twelfth and thirteenth. If they are valid, infringement is admitted. The court below dismissed the bill on the ground that, in view of the prior art, nothing more than mere mechanical skill was required to devise the combinations described in the claims in question.

We are of the same opinion. The alleged novel feature of the twelfth claim is the adjustability of the foot rest, by which the driver of the cultivator steers its wheels, and the means by which such adjustability is secured. The foot rest and the lever are made out of separate pieces of metal. The rest is made with a sleeve, which can be secured to the lever at any point in the length of the latter, and in such manner as to give any desired angle or slant to the rest itself. Such a sleeve and such a means of securing it were not new in similar arts. They would at once occur to any ordinarily skilled mechanic, who thought it desirable that the rest should be adjustable. The plaintiff, in a brief filed on its behalf, says that the purpose of the thirteenth claim was to cover another way of arriving at the same result which the twelfth was intended to secure, viz. to provide a steering gear which could be adjusted to the various peculiarities of the driver.

In the device described in the thirteenth claim, the adjustment was brought about, not by moving the foot rest upon the lever, but by making the lever itself movable in its socket. Such a method of adjustment was not new in allied arts, but the combination described in the claim has for one of its elements an axle adjustably secured in its sleeve. Such an adjustably secured axle is not new, but plaintiff urges

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that it is novel to combine in one structure such an adjustable axle and such an adjustable lever. It may be admitted that the record does not disclose any structure in which both are present. But, as this case presents itself, that is not material. The axle and the lever do not work together to produce any new result. Uniting them in the same machine constitutes aggregation, as distingished from invention.

Affirmed.